IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| David C. Anthony, | ) | C/A No. 6:12-1539-CMC-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| vs. | ) | |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus,

filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this

matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings

and a Report and Recommendation ("Report").  On March 20, 2013, the Magistrate Judge issued

a Report recommending that this matter be dismissed due to Petitioner's failure to prosecute this

matter.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing

objections to the Report and the serious consequences if he failed to do so.  Petitioner has filed no

objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo*

determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28

U.S.C. § 636(b).   The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge.   Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.   This matter is dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).   A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.   *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).   In this case, the legal standard for the issuance of a certificate of appealability has not been met.   Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 16, 2013